# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KARL SOLLER and ROSIANNA SOLLER,

    Plaintiffs,

v.                                                Case No: 2:20-cv-197-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is the parties' Joint Status Report Regarding Mediation (Doc. 46). The mediation deadline passed on May 21. (Doc. 40). When the parties failed to file a mediator's report, the Court ordered them to provide the status report. (Doc. 45).

Mediation is mandatory (Doc. 18 at 5), yet the parties skipped it. According to the status report, the parties only selected their mediator on March 8 and could not find a date to mediate by the deadline. So they will let the Court know when they can mediate. There are several issues with this. First, it's not true. The parties selected the mediator over a year ago in their

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Case Management Report (Doc. 11 at 2), which the Court memorialized in the original Case Management Scheduling Order ("CMSO") (Doc. 18 at 2). The Court struggles to believe the parties could not find a date to mediate during the eleven months between the CMSO's issuance and their mediation deadline. Second, even if the parties were unable to work out a date, they never sought to extend the deadline. This Court's deadlines are not advisory. So it is not the parties' prerogative to ignore deadlines as they see fit. If extensions of time are necessary, the parties must seek leave.

At this point, the Court will extend the mediation deadline for two weeks. The parties—"**in a good faith effort** to resolve this suit"—must mediate within that time. (Doc. 18 at 5). And they should know failure to mediate is sanctionable. Local Rule 4.03(e); (Doc. 18 at 9) (referring to the old Local Rule). All other deadlines of the current CMSO (Doc. 40) remain in effect. So the parties must comply with them going forward. To the extent that they request a settlement conference with a Magistrate Judge, it is denied for now.

Accordingly, it is now **ORDERED:**

The parties are **DIRECTED** to complete mediation by **June 11, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 28, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record